399 So.2d 187 (1981)
STATE of Louisiana
v.
John R. EDMOND.
No. 80-KA-2373.
Supreme Court of Louisiana.
May 18, 1981.
Rehearing Denied June 22, 1981.
*188 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Wiley Dial, Jeffrey Hollingsworth, Asst. Dist. Attys., for plaintiff-appellee.
A. Edward Hardin, of Middleton & Hardin, Baton Rouge, for defendant-appellant.
PIKE HALL, Jr., Justice Ad Hoc.[*]
Defendant was charged and convicted of indecent behavior with a juvenile, a violation of LSA-R.S. 14:81. He was given a two year suspended sentence and placed on active probation for two years, with the special conditions that defendant would pay the costs of a jury trial, $250, and pay a $150 fine. On appeal to this court, defendant specified nine assignments of error for reversal of his conviction; six are argued on appeal.[1] Finding none of the assignments to be meritorious, we affirm the conviction.
By his second assignment of error, defendant contends that the trial court erred in refusing to suppress a confession obtained as a product of his warrantless arrest in his own home. In support of this argument, defendant relies principally on Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), and this court's decision in State v. Brown, 387 So.2d 567 (La.1980).
Police investigation into this incident was prompted by a complaint from the victim's parents. East Baton Rouge Sheriff's Deputy Gerry Frey responded to the call, drove to the victim's home and there interviewed the victim and the defendant's daughter. The events giving rise to this prosecution occurred while the victim was spending the night with defendant's daughter at defendant's home. Defendant's daughter was present but asleep at the time of the incident.
Deputy Frey then proceeded with another deputy to the home of the defendant where they were admitted by defendant's wife or his brother. The deputies were led into the kitchen, where the defendant was sitting.
Deputy Frey informed the defendant that they were police officers and then Frey's partner read defendant his constitutional rights. Deputy Frey then informed defendant that he had received a complaint and that they had already obtained a statement from the alleged victim. The defendant was then asked if he would like to give his side of the story, which defendant proceeded to do. Defendant generally admitted the occurrence of the events as related by the victim, and said he had been drinking and just got carried away.
After taking defendant's statement, Deputy Frey arrested defendant. It is this warrantless arrest which defendant takes issue with. Defendant argues that the arrest, *189 which took place on December 30, 1979, was an illegal arrest under Payton v. New York, supra, and State v. Brown, supra, and that his confession should be suppressed as a product of that illegal arrest. Defendant does not deny the voluntariness of the confession.
Defendant's argument is without merit. Both Payton and Brown were decided subsequent to defendant's arrest. In State v. Friddle, 396 So.2d 1242 (La.1981), this court declined to apply Payton and Brown retroactively. At the time defendant was arrested, his warrantless arrest was specifically authorized by Article 213 of the Louisiana Code of Criminal Procedure.[2] The arrest was made on probable cause and in good faith reliance on what the officers believed to be a valid statute under previously announced standards. See United States v. Peltier, 422 U.S. 531, 95 S.Ct. 2313, 45 L.Ed.2d 374 (1975).
This assignment of error is without merit.
By his third assignment, defendant contends that the trial court erred in advising the assistant district attorney of the necessity of filing a notice pursuant to LSA-C.Cr.P. Art. 768. Defendant's complaint arises from a question asked by the trial judge during the course of a hearing on defendant's motion to suppress. Apparently in an effort to determine what evidence the defense was trying to have suppressed, the trial court asked the prosecutor if a 768 notice had been filed. The prosecutor responded that the notice had not yet been filed but that the state was prepared to file the notice prior to opening statements, which the state subsequently did.
Defendant contends that if the trial court had not prompted the prosecutor in this fashion, the state would not have filed the notice required by Article 768. The article provides that if the state fails to give the defendant written notice of its intention to introduce a confession or inculpatory statement prior to beginning the state's opening statement, the confession or inculpatory statement shall not be admissible in evidence. Defendant contends that if the judge had not made the remark complained of, the state would have failed to file the proper notice and the court would have excluded defendant's confession.
This assignment lacks merit. The record does not support defendant's assertion that, absent the remark complained of, the state would not have filed the required notice. The notice was filed prior to the opening statements. It was not error for the trial court to inquire about the state's compliance with a procedural requirement.
In assignments four and nine, defendant argues that the trial court erred in denying defense counsel the opportunity to cross-examine the victim regarding her prior sexual activity and in denying defense counsel the opportunity to impeach the credibility of the victim.
During the course of the trial, defense counsel asked the victim if she had ever had sexual relations with anyone. The state timely objected and the trial court sustained the objection on the basis of LSA-R.S. 15:491 which reads:
"When the general credibility is attacked, the inquiry must be limited to general reputation, and can not go into particular acts, vices or courses of conduct."
Clearly, the trial court was correct in sustaining the state's objection to this line *190 of questioning because the victim's chastity or lack of it is a particular course of conduct which, under LSA-R.S. 15:491, may not be delved into when general credibility is attacked. The trial court properly restricted cross-examination of the victim.
The court did not, as argued by defendant, sustain the objection on the basis of the rape shield statute, LSA-R.S. 15:498; therefore, we do not reach defendant's argument regarding this statute.
The defense called only one witness who was to testify regarding the general reputation of both the defendant and the victim. After testifying that people in the community generally thought the defendant to be a good man, the witness was asked if he knew the general reputation of the victim in the community. At this point, the state objected and the court sustained the objection. No reason was given as to why the question was objectionable. Defense counsel did not further pursue the line of questioning.
The trial court did not err in sustaining the state's objection. The question as asked was too broad. The question should have been limited to the witness's knowledge of the victim's general reputation for truth or moral character. LSA-R.S. 15:483, 490 and 491. The question as posed could well have elicited a response beyond the permissible scope of a credibility attack.
These assignments lack merit.
Defendant argues in Assignment of Error No. 5 that the trial court erred in permitting the victim's father to testify regarding his daughter's age at the time of the offense. Defendant's objection that such testimony constituted hearsay was overruled by the trial court.
The witness's testimony as to the date of birth of his daughter and her age at the time of the offense was properly admitted over defendant's objection. Such testimony was based on the witness's personal knowledge and does not fall within the definition of hearsay.
This assignment lacks merit.
By Assignment of Error No. 6 defendant contends the trial court erred in permitting a state witness to give inadmissible hearsay testimony. Over defense counsel's objection, the victim's father was allowed to testify that on the day following the offense, the defendant had told him, "I'm sorry for what I've done, I was drunk."
The trial court's ruling was not in error. Inculpatory statements are admissible as a recognized exception to the hearsay rule. State v. Godeaux, 378 So.2d 941 (La.1979).
This assignment lacks merit.
Decree
For the reasons assigned, defendant's conviction and sentence are affirmed.
Affirmed.
NOTES
[*] Judges Pike Hall, Jr., Charles A. Marvin, and Jasper E. Jones of the Court of Appeal, Second Circuit, participated in this decision as associate justices ad hoc; joined by Associate Justices Pascal F. Calogero, Jr., James L. Dennis, Fred A. Blanche, Jr., and Harry T. Lemmon.
[1] Assignments of Error Nos. 1, 7 and 8 were neither briefed nor argued. We, therefore, consider these assignments of error to have been abandoned. State v. Blanton, 325 So.2d 586 (La. 1976); State v. Carlisle, 315 So.2d 675 (La. 1975).
[2] LSA-C.Cr.P. Art. 213 provides as follows:

"A peace officer may, without a warrant, arrest a person when:
"(1) The person to be arrested has committed an offense in his presence; and if the arrest is for a misdemeanor it must be made immediately or on close pursuit;
"(2) The person to be arrested has committed a felony, although not in the presence of the officer;
"(3) The peace officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer; or
"(4) The peace officer has received positive and reliable information that another peace officer holds a warrant for the arrest.
"A peace officer in close pursuit of a person to be arrested, who is making an arrest pursuant to this article may enter another jurisdiction in this state and make the arrest."