411 So.2d 29 (1982)
STATE of Louisiana
v.
Michael D. LEATHERWOOD.
Nos. 81-KA-1450, 81-KA-1451.
Supreme Court of Louisiana.
March 1, 1982.
*31 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., William C. Pegues, III, Dist. Atty., David W. Burton, Asst. Dist. Atty., for plaintiff-appellee.
C. Allen Bradley, Jr., of Evans, Bradley & Wallace, DeRidder, for defendant-appellant.
PRICE, Justice Ad Hoc.[*]
By separate bills of information, defendant, Michael Dale Leatherwood, was charged with two counts of armed robbery in violation of La.R.S. 14:64. After trial by jury on the first count, defendant was found guilty of simple robbery, a responsive verdict (case No. 81-KA-1450). A separate trial by jury was held on the second count and defendant was found guilty as charged (case No. 81-KA-1451). Thereafter, defendant was sentenced to serve seven years at hard labor for the simple robbery conviction and fifteen years at hard labor without benefit of parole, probation, or suspension of sentence on the armed robbery conviction. Both sentences are to run concurrently. Defendant appeals these convictions and relies upon three assignments of error, two of which are common to both cases.
The record reflects that on August 24, 1980, defendant and three companions were involved in the armed robbery of D. N. Patel, a desk clerk at the Dormez Inn in Deridder, Louisiana. Later, on August 25, 1980, defendant and two companions robbed Mary E. McDaniels, a cashier at Bill's Dollar Store In Merryville, Louisiana. Both offenses occurred in Beauregard Parish.
ASSIGNMENT OF ERROR NO. 1
By this assignment of error, defendant argues the trial court erred in failing to grant defense motions to suppress certain written inculpatory statements made by defendant. Defendant contends the inculpatory statements were the product of an unlawful arrest made without probable cause. Furthermore, defendant contends that as a result of certain personality defects, he did not fully comprehend the nature of the waiver of his rights against self-incrimination.
The evidence elicited from the joint hearing on the motions to suppress establishes the following facts. On the date of his arrest, defendant was a member of the military stationed at Fort Polk in Vernon Parish, Louisiana. While investigating an armed robbery, Deputy Larry Smith of the Vernon Parish Sheriff's Department received information from James Kellison, a soldier stationed at Fort Polk, concerning the commission of certain crimes outside of Vernon Parish. Specifically, Kellison informed Deputy Smith that defendant and other soldiers stationed at Fort Polk had *32 told him of their involvement in various armed robberies in Beauregard Parish. Kellison also stated that these soldiers had been involved in the armed robbery and murder of a cab driver in Jackson, Mississippi on Saturday, August 23, 1980.
After receiving this information, Deputy Smith contacted the Jackson Police Department and verified that a cab driver had been robbed and murdered in that city on August 23.
Based on this information, on August 29, 1980, Deputy Smith contacted Fort Polk and requested that defendant be detained. At approximately 11:00 a. m. defendant was placed in detention by military authorities. While in detention, defendant was not questioned, nor was he advised why he was being held.
Meanwhile, the Beauregard Parish Sheriff's Department was conducting an investigation into the robbery at Bill's Dollar Store in Merryville. Based on information gathered from this investigation, arrest warrants were issued for defendant on charges of armed robbery and aggravated kidnapping.
Deputy Smith was notified of the issuance of these warrants at approximately 3:00 p. m. Copies of the warrants were obtained and at approximately 3:30 p.m., defendant was released from military detention and placed under arrest by Vernon Parish deputies. Defendant was immediately apprised of the charges against him and was advised of his rights. While traveling to the Vernon Parish Sheriff's office, defendant was once again advised of his rights.
Defendant was not questioned until approximately 5:15 p. m., after his arrival at the sheriff's office. Prior to questioning, defendant was advised of his rights and was presented with a printed rights form which he signed, indicating that he understood his constitutional rights. After signing the waiver portion of the rights form, defendant confessed his involvement in the Dollar Store robbery.
At the conclusion of questioning, defendant was transported to Beauregard Parish for incarceration. On August 30, 1980, at approximately 11:30 a. m., defendant was again advised of his rights and again signed a waiver form. At this time, defendant confessed to the armed robbery at the Dormez Inn.
Defendant now contends that he was under arrest from the moment of his initial detention by the military authorities. This arrest, he contends, was without probable cause, therefore, the confessions should be suppressed as the product of an unlawful arrest.
A lawful arrest, whether warrantless or pursuant to an arrest warrant, must be based upon probable cause. State v. Herbert, 351 So.2d 434 (La.1977); State v. Ranker, 343 So.2d 189 (La.1977).
Probable cause exists when the facts and circumstances within the arresting officer's knowledge and of which he has reasonable and trustworthy information are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense. State v. Thomas, 349 So.2d 270 (La.1977); State v. Ranker, supra.
A confession which is obtained as the direct result of an arrest made without probable cause should be suppressed. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). If the defendant challenges the admissibility of a confession on the ground that it was the result of an unlawful arrest without probable cause, the burden of showing admissibility is on the prosecution. Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); State v. Edwards, 406 So.2d 1331 (La.1981); State v. Scott, 355 So.2d 231 (La.1977). The prosecution must establish that probable cause existed to arrest the defendant, or, if the arrest was unlawful, the prosecution must show the connection between the arrest and the subsequent confession was so attenuated that the confession could not properly be considered as a fruit of the illegal arrest. Wong Sun v. United States, supra; State v. Scott, supra.
*33 Assuming that defendant was under arrest since his initial detention, we find Deputy Smith possessed sufficient information to establish probable cause for a warrantless arrest. Deputy Smith testified the detention of defendant by military authorities was accomplished at his request. His action was based upon information received from James Kellison. Kellison claimed to be present when defendant and his companions admitted their involvement in several crimes, including the robbery and murder of a cab driver in Jackson, Mississippi, on August 23, 1980. By contacting the Jackson Police Department, Deputy Smith was able to establish that a cab driver had been robbed and murdered in Jackson on August 23. This independent corroboration of Kellison's information was sufficient to establish his credibility and thereby create probable cause for the arrest of defendant. See State v. Rudolph, 369 So.2d 1320 (La.1979); State v. Paciera, 290 So.2d 681 (La.1974).
Moreover, even if the initial detention of defendant was accomplished without probable cause, defendant's subsequent confessions were so attenuated they could not be considered as a product of the initial detention. Defendant was held by the military authorities beginning at approximately 11:00 a. m. He was not questioned until approximately 5:15 p. m., a period of at least six hours. During that time, defendant was advised of his rights three times. Additionally, the issuance of arrest warrants based on probable cause established from independent evidence was a sufficient intervening circumstance to validate the subsequent confessions. Furthermore, there was no flagrant official misconduct which would ordinarily mandate suppression of the confessions.
Finally, defendant contends that because of certain personality defects, he did not fully comprehend the nature of a waiver of his constitutional rights. Dr. David Post, a clinical psychologist, testified as to defendant's personality at the hearing on the motions to suppress. Based on tests he had conducted, Dr. Post believed defendant had a diminished capacity to act rationally in a stressful situation. Furthermore, Dr. Post testified that the results of his examination indicate defendant is a dependent individual who has a strong psychological need for approval. The doctor was of the opinion that defendant is more susceptible to suggestion and coercion in a stressful situation. Defendant testified that from the moment of his initial confinement he was confused and did not fully understand his rights.
Before a confession can be introduced into evidence, the state must establish beyond a reasonable doubt that the inculpatory statement was freely and voluntarily made. State v. Cobbs, 350 So.2d 168 (La.1977).
In addition to proving the voluntariness of a confession, the state must show that a confession obtained during a custodial interrogation was preceded by Miranda warnings and a valid waiver of the defendant's constitutional rights. See State v. Payne, 338 So.2d 682 (La.1970). Whether the defendant understood his rights and intelligently waived them is a determination to be made on the facts of each case. State v. Alexander, 339 So.2d 818 (La.1976).
In the instant case, defendant was advised of his rights three times before the first custodial interrogation. Prior to both interrogations, defendant indicated that he understood his rights, and he signed a waiver of rights form. The evidence establishes that defendant's confessions were not induced by force, threats, or promises. At the time of this occurrence defendant was a literate eighteen-year-old who had dropped out of high school only six weeks before graduation.
This court has held that low intelligence, illiteracy, and mental problems do not necessarily preclude a valid waiver of Miranda rights. State v. Gaines, 354 So.2d 548 (La. 1978); State v. Payne, supra. We conclude the record establishes that defendant voluntarily, knowingly, and intelligently waived his rights.
This assignment lacks merit.
*34 ASSIGNMENT OF ERROR NO. 2
By this assignment, defendant asserts the trial court erred in refusing to allow Dr. Post to testify at trial as to defendant's mental condition at the time of the robberies. Defendant did not put forth an insanity defense but chose instead to argue that he committed the robberies through the compulsion of George Tokman, defendant's companion in crime.[1] Dr. Post's testimony was intended to show that defendant lacked the ability to make rational decisions under stress and to his susceptibility to manipulation and intimidation. Defendant contends this evidence is crucial to the establishment of his justification defense and to prove he lacked the criminal intent necessary to commit the offenses for which he was charged.
Under La.C.Cr.P. Article 651,[2] evidence of a mental condition or defect is not admissible when the defendant fails to plead "not guilty and not guilty by reason of insanity." Moreover, a mental defect or disorder short of insanity will not serve to negate specific intent and reduce the degree of a crime. State v. Wade, 375 So.2d 97 (La.1979); State v. Lecompte, 371 So.2d 239 (La.1979). Since defendant did not plead an insanity defense, the testimony of Dr. Post was properly excluded from trial.
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 3
By this assignment of error, defendant contends the trial court erred in allowing the state to cross-examine defendant concerning the murder of a cab driver in Jackson, Mississippi.
During the trial for the Dollar Store robbery, defendant chose to take the stand and testify. Defendant testified that one of his companions in crime, George Tokman, had a violent temper and that defendant was fearful of him. Defendant contended that the only reason he took part in the Dollar Store robbery was because of his fear of Tokman.
On cross-examination, the state attempted to question defendant about a murder allegedly committed by Tokman in defendant's presence. After an objection by defense counsel, the jury was removed and the trial court determined the reason for this line of questioning. The state's purpose was to show defendant was not intimidated by Tokman, but rather voluntarily associated with him even after Tokman had demonstrated his violent tendencies on several occasions. The trial court limited the questioning about the alleged murder as follows:
... I will not permit you to question him about his involvementbut whether or not he saw, limited to saw, this man do whatever you contend he did ...
After the jury was returned, the objection was overruled and the state asked the following question:
Mr. Leatherwood, had you not, prior to August 25, 1980, witnessed Mr. Tokman stab with a knife and kill a cab driver in Jackson, Mississippi?
Defendant objects to this question, contending it relates to evidence of another crime for which no Prieur notice was given. Defendant claims this question was, in reality, an effort to link defendant to a homicide in Mississippi.
Prieur notice is required only where the state intends to offer evidence of other offenses under the exceptions provided *35 in La.R.S. 15:445[3] and 446.[4]State v. Hatcher, 372 So.2d 1024 (La.1979). Here the questioning of defendant was not designed to elicit evidence for the purpose of any of these exceptions. Rather the state was attempting to rebut defendant's contention that he was acting under the compulsion of Tokman when he committed the robbery at the Dollar Store. Thus, there is no reason to exclude this information since it is relevant to refute defendant's claim of justification.
This assignment lacks merit.
DECREE
For the reasons assigned, the convictions and sentences are affirmed.
DENNIS, J., dissents for reasons assigned by him in State v. LeCompte, 371 So.2d 239, at 246 (La.1979).
NOTES
[*] Judges O. E. Price of the Court of Appeal, Second Circuit, John C. Boutall, Court of Appeal, Fourth Circuit, and Fred W. Jones, Jr., Court of Appeal, Second Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Justices Pascal F. Calogero, Jr., Walter F. Marcus, Jr., James L. Dennis, and Jack C. Watson.
[1] La.R.S. 14:18 provides in pertinent part:

The fact that an offender's conduct is justifiable, although otherwise criminal, shall constitute a defense to prosecution for any crime based on that conduct. This defense of justification can be claimed under the following circumstances: ...
(6) When any crime, except murder, is committed through the compulsion of threats by another of death or great bodily harm, and the offender reasonably believes the person making the threats is present and would immediately carry out the threats if the crime were not committed.
[2] La.C.Cr.P. Article 651.

When a defendant is tried upon a plea of "not guilty", evidence of insanity or mental defect at the time of the offense shall not be admissible.
The defenses available under a combined plea of "not guilty and not guilty by reason of insanity" shall be tried together.
[3] La.R.S. 15:445.

In order to show intent, evidence is admissible of similar acts, independent of the act charged as a crime in the indictment, for though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction.
[4] La.R.S. 15:446.

When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged.