439 So.2d 586 (1983)
STATE of Louisiana
v.
Jerome MELLION.
No. 83 KA 0040.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
Writ Denied January 6, 1984.
*587 Kay Bates, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee State of La.
David Price, Public Defender, Baton Rouge, for defendant-appellant Jerome Mellion.
*588 Before LOTTINGER, EDWARDS and ALFORD, JJ.
LOTTINGER, Judge.
Defendant-appellant, Jerome Mellion, was charged by bill of information with having committed armed robbery, in violation of La.R.S. 14:64. The charge arose from a robbery at gunpoint on March 12, 1982, of a gas station attendant and her husband at the Fina Service Station on East Boulevard in East Baton Rouge Parish.
When arraigned, defendant entered a plea of "not guilty." Subsequently, after being informed by the trial court that the maximum sentence he would receive would be twenty-five years, the defendant changed his plea from "not guilty" to "guilty." Defendant later moved the court to withdraw his guilty plea, arguing that his court-appointed attorney had told him he would only receive from five to seven years if he changed his plea. The motion to withdraw was denied following an evidentiary hearing. After a presentence investigation, defendant was sentenced to nine years at hard labor without benefit of probation, parole, or suspension of sentence. Defendant now appeals his conviction and sentence, specifying three assignments of error.

ASSIGNMENT OF ERROR
1) The trial court erred when it denied defendant's motion to withdraw a guilty plea.
2) The trial court erred when it required defendant's appointed attorney to represent defendant at his motion to withdraw a guilty plea when the court was advised of a conflict of interest by the attorney.
3) The trial court erred when it denied defendant's motion to suppress.

ASSIGNMENT OF ERROR NO. 3
When defendant changed his plea, he reserved the right to appeal the denial of his motion to suppress a taped confession. Defendant argues that the taped confession must be suppressed as the product of a warrantless arrest which was invalid because it was made without probable cause.
La.Code Crim.P. art. 213 reads in pertinent part:
"A police officer may, without a warrant, arrest a person when: ...
(3) The peace officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer;...."
The term "reasonable cause" used in La.Code Crim.P. art. 213(3) has been held to be consonant with probable cause. State v. Drew, 360 So.2d 500 (La.1978), appeal dismissed and cert. den., 439 U.S. 1059, 99 S.Ct. 820, 59 L.Ed.2d 25 (1979). Probable cause exists when the facts and circumstances within the arresting officer's knowledge and of which he has reasonable and trustworthy information are sufficient to justify a man of average caution to believe that the person to be arrested has committed a crime. State v. Burton, 416 So.2d 73 (La.1982); State v. Leatherwood, 411 So.2d 29 (La.1982).
The officer who arrested Jerome Mellion relied on information supplied by a confidential informer. When officers rely on hearsay information, the hearsay must contain underlying circumstances and details sufficient to prove a substantial or factual basis to conclude both that the informant is credible and that the information so furnished was obtained under circumstances or from sources factually indicating its veracity. State v. Wilson, 366 So.2d 1328 (La.1978).
Recently in Illinois v. Gates, ___ U.S. ___, 103 S.Ct. 2317, 76 L.Ed.2d 527, (1983), the United States Supreme Court held that the rigid two-pronged test to determine whether an informant's tip established probable cause enunciated in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) and Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) was abandoned in favor of a "totality of the circumstances" approach. Under *589 Aguilar and Spinelli, supra, the prosecution was required to show that the confidential informant was reliable and the basis for his knowledge was credible. In Illinois v. Gates, supra, the Supreme Court stated that these two considerations are important but are only a part of a common-sense, practical decision whether, given all the circumstances, there is a fair probability that evidence or contraband will be found in a particular place. While Illinois v. Gates deals with probable cause necessary for issuance of a valid search warrant, the Louisiana Supreme Court has held that the same considerations apply in determining whether probable cause exists for a warrantless arrest. State v. Edwards, 406 So.2d 1331 (La.1981).
In the instant case, Detective William Denicola of the Baton Rouge City Police testified that he received information from a confidential source that the defendant and another man had committed an armed robbery at the Fina station. Officer Denicola checked the offense reports and discovered that a robbery indeed had been reported at that location. The informant asserted that she had seen the two men running from the direction of the Fina station, saw police cars approach, and learned that an armed robbery had occurred. The informant indicated that she knew the defendant. Officer Denicola stated that he had used this source of information more than forty times, with convictions resulting in twenty-five or thirty instances.
The informant also told Officer Denicola that defendant could be located at a certain street corner. Officer Denicola and another officer approached the defendant, asked his name, and informed defendant that he was under arrest for armed robbery. After being read his Miranda rights, defendant was taken to the police station, where, less than three hours after his arrest, he made a taped statement, after being apprised of and waiving his rights in writing.
Under the law and the facts before us, we are of the opinion that the trial court did not err in denying the motion to suppress the taped statement. There is no contention by the defense that the confession was not voluntary, only that it was the product of an invalid arrest made without a warrant. However, the confidential informant had seen the defendant running from the scene of the crime, her information as to the commission of the crime was corroborated independently by the offense report, and the informant was a reliable and proven source of information. Thus, when the peace officers were alerted to the defendant's immediate location, their warrantless arrest of defendant was made with the reasonable belief that the defendant had committed a crime. We therefore find that "reasonable cause" to arrest the defendant existed in this case, and the taped statement taken from defendant was not the fruit of an invalid arrest.
This assignment lacks merit.

ASSIGNMENTS OF ERROR NOS. 1 AND 2
Defendant contends that the trial judge erred when he refused to allow defendant to withdraw his guilty plea, arguing that he was told by counsel he would get from five to seven years if he pled guilty. Defendant further argues that because defendant's court-appointed counsel at the time of his guilty plea was called as a witness at the hearing on the motion to withdraw the guilty plea and such attorney's testimony conflicted with that of defendant, the court-appointed attorney had a conflict of interest and should have been replaced by the trial judge with independent counsel.
The record before us on appeal reveals that two attorneys from the public defender's office are involved in this case: one, Jeff Calmes, who appeared in court with defendant when he changed his plea from "not guilty" to "guilty" because of the absence of the principal trial attorney, David Price; two, Mr. Price, who appeared with the defendant at all other proceedings, including the motion to withdraw guilty plea. At the latter hearing, the trial judge called Mr. Calmes as a witness to the circumstances surrounding the plea bargain with defendant *590 and his guilty plea. Defendant also testified at this hearing.
Defendant argues that Mr. Calmes was ineffective counsel and, as such, induced him to enter the plea of guilty. Assertions of ineffective assistance of counsel are, as a general rule, more properly raised by writ of habeas corpus than by assignment of error. When defendant withdrew the plea of not guilty and entered a plea of guilty, he waived any non-jurisdictional defects such as alleged ineffective assistance of counsel. State v. Jenkins, 419 So.2d 463, 465 (La.1982). Furthermore, the constitutional right of the accused to counsel does not require that the accused be given an errorless counsel, or counsel not judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance. Diggs v. United States of America, 322 F.Supp. 1123 (E.D. La.1970), affirmed 447 F.2d 460 (U.S.App. 5th Cir.1971), U.S. cert. den. 409 U.S. 882, 93 S.Ct. 170, 34 L.Ed.2d 138 (1972).
We find no evidence in the record that, by the standard set in Diggs v. U.S., supra, defendant's counsel was ineffective. There is ample evidence in the record that defendant's constitutional rights were protected and defendant knowingly and voluntarily entered a guilty plea. The record reflects that defendant's answers to the trial judge's Boykin questions were sufficient to convince the court that defendant voluntarily waived his constitutional rights with a full understanding of the consequences of his plea and the nature of his sentence.
The transcript of defendant's Boykin examination convinces us that the trial judge used conscientious and meticulous efforts to explain to defendant the right waived by a guilty plea and the possible consequences of such waiver and to determine the voluntariness of defendant's plea.
Defendant testified that he was told by Mr. Calmes he would get five to seven years if he pled guilty; Mr. Calmes testified that no promise was made as to the number of years of sentence that would be given to defendant, only that Mr. Calmes encouraged defendant to plead guilty as defendant had no defense to the charge of armed robbery. Further, the district attorney's investigator, Mr. Woods, who had been present at the plea bargain agreement wherein the judge agreed not to sentence defendant to a term greater than twenty-five years at hard labor, testified to the facts surrounding the plea bargain, stating that he had informed defendant of the twenty-five year ceiling on sentencing but had made no promises and given no inducements to defendant in return for his plea of guilty.
Despite defendant's contention that he had not remembered the proceedings at which he entered a guilty plea and that he was under the impression that defense counsel had promised defendant he would get a sentence of from five to seven years for pleading guilty, defendant testified that no one forced him to plead guilty but did encourage him to do so, and that was the reason he pled guilty. The record reflects that defendant's primary reason for wishing to change his plea back to "not guilty" was because he had read in a law book that he would not be held for armed robbery if he was not the one holding the gun. Although there is conflicting testimony in the record as to the ability of defendant to read and write, defendant testified that he had a tenth grade education and he fully understood the English language. When asked how he was able to read a law book, he replied "I was reading it with somebody... I was helped with it." When asked about his representation by appointed counsel, defendant said he was satisfied and did not wish independent counsel to be appointed.
Defendant further argues that "an ethical dilemma" was created at the hearing on defendant's Motion to Withdraw Guilty Plea when the trial judge received testimony under oath from one of the public defender attorneys. The testimony received from Mr. Calmes involved the guilty plea and his discussion with defendant prior to defendant's entering his pleas of guilty.
*591 Defendant cites disciplinary rules of the Louisiana State Bar Association to the effect that where the testimony of a counsel representing a client would tend to be prejudicial to that client, such attorney should terminate representation and, further, that such client should not be represented by any member of that particular attorney's firm. However, under Disciplinary Rule 5-101(B)(3), an attorney may testify if the testimony will relate solely to the nature of legal services rendered in the case by the attorney to the client. While Mr. Calmes' testimony at the hearing on the motion to withdraw was somewhat contradictory to that of the defendant, the testimony of Mr. Calmes was merely corroborative of his own statements made during the Boykin examination. Moreover, we find defendant's testimony at the motion to withdraw the guilty plea was in itself contradictory to his testimony at the hearing wherein he entered a guilty plea. Thus, even assuming that the trial judge should have appointed independent counsel, or in the alternative, not sworn Mr. Calmes as a witness, because we find that allowing Mr. Calmes' testimony as evidence was merely corroborative of the statements taken at defendant's Boykin examination and entered into evidence by the state, no prejudice resulted to defendant.
We therefore hold that defendant's guilty plea was entered freely and voluntarily, despite defendant's allegations of error on the part of the trial judge in not appointing independent counsel to represent defendant at the hearing to withdraw guilty plea, and that the evidence does not support defendant's allegation that he was induced to plead guilty by ineffective counsel, thereby making his guilty plea constitutionally infirm.
These assignments are meritless.

DECREE
Therefore, the conviction and sentence of the defendant-appellant, Jerome Mellion, is hereby affirmed.
AFFIRMED.