KNOLL, Judge.
Defendant, Joseph Rodney Brossette, a police officer with the City of Natchitoches, was tried by judge alone and convicted of molestation of a juvenile, a violation of LSA-R.S. 14:81.2. Defendant was sentenced to serve five years at hard labor in the custody of the Department of Corrections. Defendant appeals the conviction and sentence, contending the trial court committed reversible error in: (1) allowing testimony concerning defendant’s age; (2) refusing to grant defendant’s motion for a directed verdict of acquittal; and, (3) imposing an excessive sentence. We affirm.
FACTS
On April 23, 1986, defendant was charged by bill of information with molestation of a female minor, 9V2 years of age, at his home in Natchitoches. The incident occurred on a date between November, 1985 and January, 1986. The victim had a brother 14 years of age and a sister 5 years of age. Defendant and the victim’s mother *1384 at one time dated. On numerous occasions defendant would baby-sit the girls while their mother worked as an Assistant Manager at Cane Plaza Apartments in Natchi-toches. The girls usually enjoyed visiting with defendant, who would take them to feed his dog and often bought them candy and other refreshments.
In January, 1986, the victim’s mother realized that something was wrong when the victim refused to go anywhere with defendant. The victim did not tell her mother about the incident until sometime in April, 1986 after viewing a TV commercial on the “Punky Brewster Show” (a children’s program), wherein young children were encouraged to report incidents of molestation to their parents without fear of reprisal or embarassment. The victim’s mother filed charges of molestation of a juvenile after learning of the incident. A police investigation led to defendant’s arrest. During the arrest, defendant consented to a search of his apartment which revealed a bottle of Vaseline Intensive Care lotion in the bathroom. Although defendant admitted to investigating officers that he played a game with the girls which he referred to as “titty pinching”, he denied ever molesting the victim.
At trial, the victim was very specific about the details of the incident. She testified that on one occasion she and her sister were at defendant’s home while defendant took a shower. When defendant got out of the shower, wearing blue jean shorts and a pullover shirt that he subsequently raised, defendant called the victim into the bathroom and locked the door in an effort to keep her sister out. The victim testified that defendant squirted Vaseline Intensive Care lotion in her hands and instructed her to rub his lower back. Further testimony revealed that defendant told the victim that he would buy them candy if she rubbed the lotion on defendant’s genital area and penis. Although the victim was nervous when testifying, she was quite specific about the incident and her testimony did not waiver from a prior statement given to investigating officers shortly after defendant’s arrest.
Defendant testified that he remembered giving the little girls a bath but denied the molestation incident. He thinks the bottle of vaseline was left by another woman visitor. Defendant presented two witnesses, his former high school principal and a state trooper, who gave contradicting testimony regarding defendant’s reputation in the community.
ASSIGNMENT OF ERROR ONE
Defendant contends the trial court erred in allowing Lieutenant Keith Thompson of the Natchitoches City Police to testify concerning defendant’s age. Defendant argues that such testimony constitutes inadmissible hearsay evidence.
LSA-R.S. 14:81.2(A) defines molestation of a juvenile as:
“... [T]he commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menance, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile’s age shall not be a defense.” (Emphasis added.)
Testimony concerning defendant’s age which is based upon the witnesses’ personal knowledge does not fall within the scope of hearsay evidence. Cf. State v. Edmond, 399 So.2d 187 (La.1981). Lieutenant Thompson testified that defendant was 32 years of age at the time of the incident. This information was derived from defendant’s driver’s license, his social security card, and application forms filed with the police department. Lieutenant Thompson further testified that he had known defend *1385 ant at least 5 years and that defendant in fact was a person over the age of 17. We do not find the trial court committed error for accepting Lieutenant Thompson’s testimony concerning his firsthand knowledge that defendant was at least over the age of 17. This assignment of error lacks merit.
ASSIGNMENT OF ERROR TWO
By this assignment defendant contends the trial court erred in refusing to grant defendant’s motion for a directed verdict of acquittal at the close of the State’s case in chief.
LSA-C.Cr.P. Art. 778 provides:

“In a trial by the judge alone the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of defendant, after the close of the state’s evidence or of all the evidence, if the evidence is insufficient to sustain a conviction.

If the court denies a defendant’s motion for a judgment of acquittal at the close of the state’s case, the defendant may offer its evidence in defense. ”

The test on appeal to determine the sufficiency of the evidence for a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The record shows that the victim’s testimony was explicit and non-wavering. She testified in detail as to the exact nature of the offense. It was undisputed that defendant frequently baby-sat the victim and her younger sister. Defendant testified to encouraging the victim to engage in a game defendant referred to as “titty pinching.” Prior to the molestation incident, the victim enjoyed defendant’s company and maintained better than average grades in elementary school. After the incident, she refused to even visit defendant. Furthermore, her grades in school went from A’s and B’s to D’s and F’s. We find it highly unlikely that a female child 9 years of age would fabricate a story with such detail and frankness. The record further shows that the child had little knowledge of sex, although she accurately identified, with the use of an anatomical male doll, the genital area and penis upon which defendant instructed her to spread Vaseline Intensive Care lotion. She testified that defendant told her to “rub it, and just get it up and back and forth.” After a few seconds defendant told her to leave the bathroom. Any rational trier of fact could find the essential elements of child molestation beyond a reasonable doubt after viewing the evidence in the light most favorable to the prosecution. Jackson v. Virginia, supra.
Therefore, this assignment of error lacks merit.
ASSIGNMENT OF ERROR THREE
Defendant further contends that the trial court imposed an excessive sentence.
Article I, Section 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing court is given wide discretion in the imposition of sentences within statutory limits, and the sentence should not be set aside as excessive in the absence of a manifest abuse of the sentencing court’s discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).
LSA-R.S. 14:81.2 provides in pertinent part, as follows:

“Whoever commits the crime of molestation of a juvenile when the offender has control or supervision over the juvenile shall be fined not more than ten thousand dollars, or imprisoned, with or without hard labor, for not less than one nor more than fifteen years, or both.”

*1386 Defendant’s sentence falls within the statutory limits. However, even a sentence which falls within the statutory limits may violate defendant’s right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). The sentencing court’s reasons for imposition of sentence are an important aid when we review a sentence for excessiveness. State v. Bourgeois, 406 So.2d 550 (La.1981). A sentence is deemed excessive if it (1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime. State v. Calloway, 432 So.2d 1064 (La.App. 3rd Cir.1983). The sentencing court must view the circumstances surrounding the offense committed and should impose a sentence particularized to defendant’s conduct. State v. Lanclos, 419 So.2d 475 (La.1982).
After carefully reviewing the record, we find the record supports the sentence. The sentencing court found that it was likely defendant would commit the crime again and that correctional treatment could be provided most effectively by imprisonment. Furthermore, the record shows that the trial judge considered the defendant’s personal history and the absence of any past criminal conduct; all of which was reflected in the presentence investigation report and included in the record. In view of the wide discretion granted a sentencing court in imposing its sentencing choice within statutory limits, we find the sentence imposed is appropriate for this particular defendant and is not so disproportionate to the crime committed as to shock our sense of justice. Therefore, we conclude that defendant’s sentence is not constitutionally excessive.
DECREE
For the foregoing reasons, the conviction and sentence of defendant, Joseph Rodney Brossette, are affirmed.
AFFIRMED.